# Exhibit 24



# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 13, 2024

Paul Singer
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
*Via email*: psinger@kelleydrye.com

Re: ActBlue's Privilege Log for State's January 10, 2024 Requests to Examine

Dear Mr. Singer,

We thank your client for its cooperation with our investigation. Please be advised that OAG has reviewed ActBlue's updated privilege log produced on April 29, 2024 regarding OAG's January 10, 2024 Requests To Examine ("RTE").  There are certain entries on the privilege log that facially do not appear to support invocation of any privilege. We request that these entries be produced, or that you provide additional information explaining how the privilege applies.

Specifically, OAG has identified multiple instances on the April 29, 2024 privilege log indicating that non-ActBlue personnel were copied on communications with ActBlue's employees and attorneys. As you are aware, attorney-client privilege is generally considered waived when communications are exposed to a party outside the attorney-client relationship.  While certain exceptions apply to this basic rule, none of them appear to apply here. For example, what ActBlue has labeled "Doc. No. 114" reflects communications between Nick Nyhart and ActBlue's counsel. But Nick Nyhart does not appear to be an ActBlue employee, so there is no explanation how ActBlue could possess attorney-client privilege over these communications. And to the extent ActBlue takes the position that Mr. Nyhart was consulted to provide public relations advice, it is well-established that such communications are not covered by attorney-client privilege. The courts routinely reject these invocations of privilege. *See U. S. v. Aldman*, 68 F.3d 1495, 1500 (2d. Cir. 1995) (privilege did not apply to outside accounting firm hired to provide tax advice); *U. S. v. Ackert*, 169 F.3d 136, 139-40 (2d. Cir. 1999) (privilege did not apply to investment banker hired to provide insight into tax implications, despite this being important to the attorney's ability to give legal advice); *Dahl v. Bain Capital Partners, LLC*, 714 F.Supp.2d 225, 229 (2d Cir. 2010) (privilege did not apply to investment banker that was copied on emails and forwarded legal documents to provide "feedback").

As such, OAG is requesting ActBlue either: (1) provide substantive descriptions for each item reflected in ActBlue's privilege log and explain how attorney-client privilege applies to each, or (2) provide these materials in an unredacted form.  OAG requests these materials no later than August 23, 2024.

Thank you, and please do not hesitate to reach out with any concerns.

Sincerely,


Scott Froman
Assistant Attorney General
Consumer Protection Division
Office the Texas Attorney General