UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ACTBLUE LLC, ACTBLUE CIVICS,
INC., ATS, INC., and ACTBLUE
CHARITIES, INC.,

              Plaintiffs,

      v.

WARREN KENNETH PAXTON JR., *in
his official capacity as Attorney General of
the State of Texas*,

              Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:26-cv-11986

Jury Trial Demanded

**PLAINTIFFS' MOTION TO EXPEDITE BRIEFING
FOR A PRELIMINARY INJUNCTION**

Pursuant to Fed. R. Civ. P. 6(c) and Local Rule 7.1(b), Plaintiffs ActBlue LLC; ActBlue Civics, Inc.; ATS, Inc.; and ActBlue Charities, Inc. (collectively, "ActBlue") respectfully request that this Court order expedited briefing and consideration of their motion for a preliminary injunction. To ensure effective relief from Texas Attorney General Paxton's retaliatory Texas state lawsuit, ActBlue respectfully requests that this Court order Paxton to file any opposition to the preliminary injunction motion no later than May 13, 2026. ActBlue further requests that the Court issue a preliminary injunction by May 15, 2026—the last business day before ActBlue will be forced to respond to Paxton's lawsuit in Texas state court. To meet that deadline, ActBlue requests a hearing as soon as is practicable prior to May 15, 2026. To the extent a ruling by that date is not practicable, ActBlue respectfully requests in the alternative that this Court issue a temporary restraining order enjoining Paxton's investigations and Texas state court action until the Court rules on the preliminary injunction motion.

1

**ARGUMENT**

As described more fully in ActBlue's Motion for Preliminary Injunction, ActBlue challenges Paxton's unlawful use of his elected office to target ActBlue for its protected speech, including by issuing multiple investigative document demands and filing a state court enforcement action, both designed to chill ActBlue's constitutionally protected speech.  The deadline by which ActBlue must answer Paxton's lawsuit in Texas state court is 10:00 a.m. Central Time (11:00 a.m. Eastern Time) on May 18, 2026.  As detailed in its motion for preliminary injunction, ActBlue respectfully requests that this Court enjoin Paxton from continuing to litigate the Texas state civil enforcement action, *State of Texas v. ActBlue LLC*, No. 096-376890-26 (Dist. Ct., Tarrant Cnty., Tex.).  Accordingly, an expedited hearing schedule is necessary to protect ActBlue's First Amendment rights.

ActBlue plays a central role in Democratic fundraising nationally and in Texas.  In Texas, ActBlue has raised $36 million to support James Talarico's Senate campaign.  With the November election approaching, Paxton has escalated his retaliation against ActBlue, launching a series of politically motivated and meritless investigations into ActBlue's online fundraising platform, culminating on April 20, 2026, when he filed suit against ActBlue in Texas state court under the state's Deceptive Trade Practices Act, falsely alleging that ActBlue facilitated donor fraud and lied to Congress, and seeking injunctive relief, civil penalties, and restrictions on ActBlue's ability to accept donations.

Paxton's lawsuit, and corresponding statements, make clear his attempt to undermine his political adversaries by targeting their principal fundraising infrastructure, while simultaneously miring ActBlue in meritless litigation that diverts its resources and impedes its ability to fundraise for Talarico.  Paxton's unlawful retaliation targets ActBlue's First Amendment activities and has

2

a chilling effect on ActBlue's protected expression, by diverting ActBlue's financial resources to defense of a baseless lawsuit rather than for use in political fundraising during a critical election season.

Paxton's actions will continue to irreparably harm ActBlue absent injunctive relief in two significant ways. *First*, as a result of Paxton's recently filed civil enforcement action in Texas state court, ActBlue will be required to expend substantial resources to defend a lawsuit that directly burdens its First Amendment activities. *See Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10-11 (1st Cir. 2012) ("In the First Amendment context, the likelihood of success on the merits is the linchpin of the preliminary injunction analysis"); *Elrod v. Burns,* 427 U.S. 347 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *see also Asociación de Educación Privada de Puerto Rico, Inc. v. García-Padilla*, 490 F.3d 1, 21 (1st Cir. 2007) (applying *Elrod* to irreparable harm component of injunction analysis). If the lawsuit is not enjoined before the May 18th answer deadline, ActBlue will have to begin expending substantial financial resources in defense against the frivolous case in a far-away state. *Second*, Paxton's ongoing investigation and enforcement campaign will continue to interfere with ActBlue's First Amendment rights by impeding its protected expressive and associational activities, including facilitating political donations, enabling political association, and supporting political speech. *See Sindicato Puertorriqueno de Trabajadores*, 699 F.3d at 10-11. Paxton's investigative demands also irreparably harm ActBlue by forcing it to disclose sensitive donor information, which lies at the heart of First Amendment protection against compelled disclosure. *See, e.g.*, *First Choice Women's Res. Ctrs. v. Davenport*, No. 24-781, slip op. at 9 (U.S. Apr. 29, 2026) ("demands for private donor information 'inevitabl[y]' carry with them a 'deterrent effect on the exercise of First Amendment rights'"

(quoting *Buckley v. Valeo*, 424 U. S. 1, 65 (1976) (per curiam)); *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2382 (2021).

Paxton's unlawful use of his office to infringe upon ActBlue's First Amendment rights constitutes good cause to expedite briefing and disposition of ActBlue's motion for preliminary injunction. ActBlue seeks narrow and limited injunctive relief—namely, enjoining Paxton's investigation and lawsuit in Texas state court—and ActBlue's proposed date for a ruling on the preliminary injunction motion provides the parties sufficient time to brief and argue the discrete issues presented by ActBlue's motion. Absent injunctive relief, ActBlue would also be forced to divert critical resources to defend a meritless lawsuit amid a pivotal election cycle, and donors, candidates, and organizations that use and rely on ActBlue's platform will reasonably fear that association with ActBlue subjects them to investigation and will accordingly self-censor and withdraw from protected activity.

## CONCLUSION

For those reasons, ActBlue respectfully moves the Court to order that Paxton file a response, if any, to ActBlue's preliminary injunction motion by May 13, 2026—which affords him a full week to respond. ActBlue further requests a ruling on its preliminary injunction motion by May 15, 2026. If disposition of ActBlue's motion for preliminary injunction is not feasible by that date, then ActBlue requests in the alternative that this Court issue a temporary restraining order enjoining Paxton's investigations and his litigation of the Texas state court action until the Court rules on the preliminary injunction motion.

Dated: May 6, 2026

Respectfully submitted,

By: */s/ Timothy J. Perla*

WILMER CUTLER PICKERING HALE AND
DORR LLP
Timothy J. Perla, BBO No. 660447
    timothy.perla@wilmerhale.com
Felicia H. Ellsworth, BBO No. 665232
    felicia.ellsworth@wilmerhale.com
Amanda Masselam Strachan, BBO No. 641108
    amanda.masselamstrachan@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Ronald C. Machen (*pro hac vice forthcoming*)
    ronald.machen@wilmerhale.com
Matthew T. Jones (*pro hac vice forthcoming*)
    matthew.jones@wilmerhale.com
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs ActBlue LLC, ActBlue Civics, Inc., ATS, Inc., and ActBlue Charities, Inc.*

## **LOCAL RULE 7.1 CERTIFICATE**

Pursuant to Local Rule 7.1(a) and Federal Rule of Civil Procedure 65, counsel for Plaintiffs

certify that they have contacted by telephone and email the following individual at the Texas Office

of the Attorney General to provide notice of this motion and to confer in an effort to resolve or

narrow the issue:

> David Bizar
> Assistant Attorney General
> Office of the Attorney General of the State of Texas
> david.bizar@oag.texas.gov
> (512) 968-7754

As of the time of filing, Counsel for Plaintiffs were unable to avoid the need to file the

foregoing motion.


Dated: May 6, 2026                              Respectfully submitted,

                                                */s/ Timothy J. Perla*
                                                Timothy J. Perla, BBO No. 660447
                                                *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document and all supporting papers filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be delivered by process server to those indicated as non-registered participants on May 6, 2026 or as soon as practicable thereafter. Courtesy copies will also be transmitted by electronic mail to the non-registered participants listed below on May 6, 2026.

Warren Kenneth Paxton, Jr.
Attorney General
Office of the Attorney General of the State of Texas
kenneth.paxton@oag.texas.gov

David Bizar
Assistant Attorney General
Office of the Attorney General of the State of Texas
david.bizar@oag.texas.gov

Dated: May 6, 2026

/s/ Timothy J. Perla
Timothy J. Perla, BBO No. 660447
*Counsel for Plaintiffs*