WILMERHALE

May 26, 2026

**Felicia H. Ellsworth**

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

Hon. Richard G. Stearns
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

RE: *ActBlue LLC et al. v. Paxton*, No. 1:26-cv-11986

Dear Judge Stearns,

Plaintiffs ActBlue LLC; ActBlue Civics, Inc.; ATS, Inc.; and ActBlue Charities, Inc. (collectively, "ActBlue") respectfully submit this letter to inform the Court of a significant development in the Texas state court proceeding from which ActBlue is seeking injunctive relief. This development bolsters ActBlue's retaliation claim and further demonstrates why ActBlue's requested relief from this Court is appropriate and urgent.

On May 20, 2026, Defendant Warren Kenneth Paxton, Jr., in his official capacity as Texas Attorney General, filed an amended petition in *State of Texas v. ActBlue LLC*, No. 096-376890-26 (Dist. Ct., Tarrant Cnty., Tex.). The amended filing improperly relies on and extensively quotes ActBlue's attorney-client privileged communications, inappropriately using those legally protected materials to bring additional, meritless allegations against ActBlue.

In connection with that filing, Attorney General Paxton initially informed ActBlue that he intended to seek expedited discovery directed by Texas State Court both to ActBlue's special appearance in the Texas case challenging personal jurisdiction and to his request for temporary (i.e., preliminary) injunctive relief. Significantly, discovery on the merits of Paxton's claims— before resolution of the special appearance filed by ActBlue—is procedurally improper under Texas law. *See* Tex. R. Civ. P. 120a. After this was conveyed to AG Paxton's staff, he subsequently agreed to delay discovery on the merits until after the issue of personal jurisdiction was decided in Texas State Court. AG Paxton's revised discovery requests, allegedly limited to the personal jurisdiction issue, are essentially unchanged from the merits-based discovery he initially sent to ActBlue.

The timing of this amended filing and demand for expedited discovery are suspect given ActBlue's filing in this Court on May 1, 2026 and this Court's May 7, 2026 order indicating a preliminary view of the merits of ActBlue's requested injunction. The asserted need for expedition is also contrived. AG Paxton filed his original petition on April 20, 2026 yet did nothing for a month to seek relief—let alone expedited relief—on his Texas state claims. This unexplained delay undermines any legitimate claim of exigency. It was only after this Court's May 7, 2026 order that AG Paxton attempted to suddenly speed up state proceedings and seek expedited discovery in Texas.

WILMERHALE

May 26, 2026
Page 2

As noted in ActBlue's preliminary injunction filing, the Texas proceeding poses an immediate threat to ActBlue's First Amendment rights and operations.  That threat is only magnified by AG Paxton's most recent attempt to obtain relief through improperly compressed procedures in Texas state court, which, absent action from this Court, will require ActBlue to litigate threshold jurisdictional issues and defend against merits-based claims in a contrived lawsuit that violates ActBlue's First Amendment rights.

This development underscores the need for injunctive relief as requested in this action.  Among other things, it demonstrates that Attorney General Paxton's attempted retaliation in parallel litigation is escalating notwithstanding the federal constitutional issues presented here and the ongoing proceedings for relief from this Court.

ActBlue appreciates the Court's swift action to date in connection with its request for a preliminary injunction, and will promptly notify the Court of any further developments in the Texas action.


Sincerely,


/s/ Felicia H. Ellsworth
Felicia H. Ellsworth