# Exhibit 5

**Rule 11 Agreement: Expedited Discovery Regarding Personal Jurisdiction (May 26, 2026)**

**CAUSE NO. 096-376890-26**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ACTBLUE LLC | § | |
| | § | |
| *Defendant.* | § | 96th JUDICIAL DISTRICT |

**RULE 11 AGREEMENT REGARDING EXPEDITED JURISDICTIONAL DISCOVERY**

Pursuant to Rule 11 of the Texas Rules of Civil Procedure, Plaintiff and Defendant (collectively, the "Parties") agree, subject to and without waiving Defendant's Rule 120a special appearance, as follows:

1. Defendant has filed a Verified Special Appearance challenging personal jurisdiction.

2. Subject to an order on ActBlue's motion for a preliminary injunction in *ActBlue, LLC, et al. v. Paxton*, 1:26-cv-11986-RGS (D.Mass.), the Parties agree that limited jurisdictional discovery may proceed pending the hearing on Defendant's Special Appearance.

3. Jurisdictional discovery shall be limited to matters relevant to the Court's determination of personal jurisdiction over Defendant, as permitted under Texas law, and shall not constitute or be counted toward merits-based discovery under the Texas Rules of Civil Procedure or any applicable discovery control plan.

4. The Parties may serve written jurisdictional discovery, including interrogatories, requests for production, and requests for admission, on jurisdictional issues.

5. Defendant's responses and objections to the jurisdictional discovery requests served by Plaintiff on May 26, 2026, shall be served no later than June 10, 2026.

6. Plaintiff's responses and objections to the jurisdictional discovery requests served by Defendant no later than May 26, 2026, shall be served no later than June 10, 2026.

7.  The Parties further agree that participation in jurisdictional discovery pursuant to this agreement shall not constitute a waiver of Defendant's Verified Special Appearance or any jurisdictional objections.

8.  The Parties agree that their obligations to produce documents and/or information that might be designated as confidential or attorneys' eyes only, or might otherwise contain personally identifiable information, shall be contingent upon the Parties' agreement on or the Court's entry of a protective order. The Parties agree to attempt to negotiate an agreed protective order in good faith in advance of production deadlines.

9.  The Parties agree that all other discovery not contemplated by this Rule 11 Agreement shall be stayed until resolution of Defendant's Special Appearance.

AGREED ON MAY 26, 2026:

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division

*/s/ David Bizar*
DAVID BIZAR
Assistant Attorney General
State Bar No. 24110737

Office of the Attorney General
Consumer Protection Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2185
Facsimile: (512) 473-8301

David.Bizar@oag.texas.gov
Johnathan.Stone@oag.texas.gov

**ATTORNEYS FOR THE STATE OF TEXAS**

*/s/ Yaman Desai*
LYNN PINKER HURST & SCHWEGMANN, LLP
Michael P. Lynn
 Texas State Bar No. 12738500
 mlynn@lynnllp.com
Yaman Desai
 Texas State Bar No. 24101695
 ydesai@lynnllp.com
2100 Ross Avenue, Suite 2700
Dallas, Texas 72501
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

WILMER CUTLER PICKERING HALE AND
DORR LLP

Felicia H. Ellsworth
 (*pro hac vice forthcoming*)
 felicia.ellsworth@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Ronald C. Machen
 (*pro hac vice forthcoming*)
 ronald.machen@wilmerhale.com
Matthew T. Jones
 (*pro hac vice forthcoming*)
 matthew.jones@wilmerhale.com
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000

Facsimile: (202) 663-6363

**ATTORNEYS FOR ACTBLUE LLC**