# Exhibit 6

**State of Texas's Expedited Discovery Requests to ActBlue, Regarding Personal Jurisdiction:**

**Interrogatories, Request for Admission, and Request for Production, combined**

**(May 26, 2026)**

**CAUSE NO. DC-2024-CV-1835**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ACTBLUE LLC, | § | |
| | § | |
| *Defendant*. | § | |
| | § | 96TH JUDICIAL DISTRICT |

**THE STATE'S EXPEDITED INTERROGATORIES CONCERNING PERSONAL JURISDICTION**

To:   Defendant, ActBlue LLC, through its attorneys of record, Michael P. Flynn, Yaman Desai, LYNN PINKER HURST & SCHWEGMANN, LLP, 2011 Ross Avenue, Suite 2700, Dallas, Texas 75201, mlynn@lynnllp.com, ydesai@lynnllp.com, Felicia H. Ellsworth (pro hac vice forthcoming), Ronald C. Machen (pro hac vice forthcoming), Matthew T. Jones (pro hac vice forthcoming), WILMER CUTLER PICKERING HALE AND DORR, LLP, 60 State Street, Boston, Massachusetts 02109, felicia.ellsworth@wilmerhale.com, ronald.machen@wilmerhale.com, matthew.jones@wilmerhale.com

Pursuant to the Texas Rules of Civil Procedure, the parties' agreement, and the Court's Order, Plaintiff, the State of Texas, serves on ActBlue, LLC, the State's Expedited Interrogatories concerning personal jurisdiction. These Interrogatories are limited to issues currently before the Court relating to personal jurisdiction raised by ActBlue's Verified Special Appearance. The State requires Defendant to respond to the following Interrogatories by the deadline agreed to by the parties and prescribed by this Court.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division


*/s/ David Bizar*
DAVID BIZAR
Assistant Attorney General
State Bar No. 24110737

Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Phone: (214) 290-8811
Fax: (214) 969-7615
David.Bizar@oag.texas.gov
Telephone: (512) 936-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR THE STATE**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May 2026, a copy of the foregoing document was served to all counsel of record by agreement of the parties and in accordance with the Texas Rules of Civil Procedure.

*/s/ David Bizar*
DAVID BIZAR
Assistant Attorney General

2

## I.    INSTRUCTIONS

1.    Your answers to these Interrogatories may be used in evidence in a pretrial proceeding and upon the trial of this case.

2.    Unless otherwise specified, the time period covered by these Interrogatories is from January 1, 2021, through the present.

3.    These discovery requests are deemed continuing so as to require you or your attorney to reasonably supplement your answers if you, your attorney, or any other person acting on your behalf obtains further information between the time of your answers and the time of trial.

4.    In answering these questions and other discovery requests, please furnish all information available to you, including information in your possession, custody, or control, as defined by Tex. R. Civ. P. 192.7.

5.    If you cannot answer the discovery requests in full after exercising due diligence to secure the information, so state in your answer, and to the extent possible, answer stating whatever information or knowledge you have and identifying what is missing.

6.    In the event that any item or information requested is unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

7.    For purposes of interpreting or construing the scope of any request made herein, the terms used shall be given their most expansive and inclusive interpretations unless otherwise specifically limited in the request. This includes, without limitation, the following:

    a.    construing "and" as well as "or" in the disjunctive or conjunctive as necessary to make the request more including; and

    b.    construing the singular form of the word to include the plural and the plural form of the word to include the singular.

8.    If you claim that any information requested in these Interrogatories is subject to any privilege, state the precise nature and basis of the privilege claimed, including a reference by number and subdivision to any applicable provisions of the Texas Rules of Evidence under which such privilege is claimed, and provide a privilege log with your responses.

9.    These Interrogatories do not seek to discover, identify, or otherwise ascertain the identity of any donor or contributor who has made a donation through your platform. If a document requested produced in response to these Interrogatories or the State's Requests for Production contain both identifying information of a donor or contributor, and other discoverable information, you must produce the document in its entirety, but with the donor/contributor information securely redacted. For purposes of these Interrogatories

3

and the State's Requests for Production, identifying information, when used in reference to a donor or contributor, broadly includes any information from which a donor or contributor is or may be identified, including but not limited to, the donor or contributor's name or alias, address, telephone number, email address, financial account number, or other unique markers from which the donor or contributor's identity could be discerned.

10. You must verify your response to these Interrogatories.

11. To the extent any term or word is undefined, please use your common sense, the words ordinary meaning, or seek clarification from counsel for Texas prior to providing responses.

## II.   DEFINITIONS

1. **"**You," "Your," or "ActBlue" means ActBlue LLC, including successors, predecessors, conferences, divisions, members, subsidiaries, present or former officers, agents, committees, employees, representatives, and all other persons, schools, or conferences acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

2. "Document" means all documents and tangible things, in the broadest sense allowed by Texas Rule of Civil Procedure 192.3(b) and comment 2 of the Texas Rules of Civil Procedure. This is intended to include all written, typed, or printed matter and all magnetic, electronic, digital, or other records or documentation of any kind or description in Your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by You, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mails, text messages, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, drafts, resumes, logs, timesheets, and worksheets.

3. To "identify" a person means to state the following:

   a.   the full name of the person;

   b.   the person's present employer and job title, if known; if not known, the answer shall so state;

   c.   the person's present business and residence addresses and telephone numbers if known; if not known, then the person's last known business and residence addresses and telephone numbers; and

   d.   the person's affiliation at any time with you by employment or otherwise, including the nature and dates of such affiliation.

4

4.    The word "any" includes the word "all," and the word "all" includes the word "any."

5.    Singular terms encompass the plural, and plural terms encompass the singular.

## <u>INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Identify all physical offices, mailing addresses, locations, or places of business, whether owned, leased, or otherwise maintained by you in Texas.

**RESPONSE:**

**INTERROGATORY NO. 2:**

State how many of your employees, contractors, or representatives engaged in business operations for you in Texas, and what business operations were engaged in for you in Texas.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify each promotion, event, and other activity that you, or any person or entity on your behalf, organized or participated in in Texas.

**RESPONSE:**

**INTERROGATORY NO. 4:**

State all dates that ActBlue stopped or started accepting all or certain subcategories of gift cards for donations or contributions to candidates or campaigns for elective office in Texas. If your answer includes subcategories, provide sufficient information to permit the State to identify which subcategories were and were not included by your stoppage or starting.

**RESPONSE:**

**INTERROGATORY NO. 5:**

State all dates that ActBlue stopped or started accepting all or certain subcategories of prepaid debit cards for donations or contributions to candidates or campaigns for elective office in Texas. If your answer includes subcategories, provide sufficient information to permit the State to identify which subcategories were and were not included by your stoppage or starting.

**RESPONSE:**

**INTERROGATORY NO. 6:**

For each of the calendar years 2021, 2022, 2023, 2024, 2025, and 2026 to date, separately state the number of, and the totals of, all completed donations or contributions made to candidates or campaigns for elective office in Texas using a gift card, and using a prepaid debit card.

**RESPONSE:**

**INTERROGATORY NO. 7:**

For each of the calendar years 2021, 2022, 2023, 2024, 2025, and 2026 to date, separately state the number of, and the totals of, all attempted donations or contributions made to candidates or campaigns for elective office in Texas using a gift card, and using a prepaid debit card, that were not completed because ActBlue declined to accept the donations or contributions because they were being made using a gift card or prepaid debit card.

**RESPONSE:**

**INTERROGATORY NO. 8:**

For each of the calendar years 2021, 2022, 2023, 2024, 2025, and 2026 to date, separately state the number of, and the totals of, all tips that donors or contributors gave to ActBlue using a gift card, and using a prepaid debit card, while making donations or contributions to candidates or campaigns for elective office in Texas.

**RESPONSE:**

**INTERROGATORY NO. 9:**

For each of the calendar years 2021, 2022, 2023, 2024, 2025, and 2026 to date, separately state the number of, and the totals of, all tips that donors or contributors attempted to give to ActBlue using a gift card, and using a prepaid debit card, while making donations or contributions to candidates or campaigns for elective office in Texas, that were not completed because ActBlue declined to accept the tips because they were being made using a gift card or prepaid debit card.

**RESPONSE:**


**INTERROGATORY NO. 10:**

Identify the steps that ActBlue has taken over various periods of time, if any, to determine whether a donation or contribution made with a gift card or prepaid debit card to a candidate or campaign for elective office in Texas is or was being made by a foreign national.

**RESPONSE:**


**INTERROGATORY NO. 11:**

Identify the steps that ActBlue has taken over various periods of time, if any, to determine whether a donation or contribution made with a gift card or prepaid debit card to a candidate or campaign for elective office in Texas, alone or in combination with other donations made by the donor or contributor, exceeds donor or contribution limits.

**RESPONSE:**

**CAUSE NO. 096-376890-26**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ACTBLUE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | 96TH JUDICIAL DISTRICT |

## THE STATE'S EXPEDITED REQUESTS FOR ADMISSION CONCERNING PERSONAL JURISDICTION

To:     Defendant, ActBlue LLC, through its attorneys of record, Michael P. Flynn, Yaman Desai, LYNN PINKER HURST & SCHWEGMANN, LLP, 2011 Ross Avenue, Suite 2700, Dallas, Texas 75201, mlynn@lynnllp.com, ydesai@lynnllp.com, Felicia H. Ellsworth (pro hac vice forthcoming), Ronald C. Machen (pro hac vice forthcoming), Matthew T. Jones (pro hac vice forthcoming), WILMER CUTLER PICKERING HALE AND DORR, LLP, 60 State Street, Boston, Massachusetts 02109, felicia.ellsworth@wilmerhale.com, ronald.machen@wilmerhale.com, matthew.jones@wilmerhale.com

Pursuant to the Texas Rules of Civil Procedure, the parties' agreement, and the Court's Order, Plaintiff, the State of Texas, serves on Defendant ActBlue, LLC, the State's Expedited Requests for Admission Concerning Personal Jurisdiction. These Requests for Admission are limited to issues currently before the Court relating to personal jurisdiction raised by ActBlue's Verified Special Appearance. The State requires Defendant to respond to the following Requests for Admission agreed to by the parties and prescribed by this Court.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division


/s/ David Bizar
DAVID BIZAR
Assistant Attorney General
State Bar No. 24110737

Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Phone: (214) 290-8811
Fax: (214) 969-7615
David.Bizar@oag.texas.gov
Telephone: (512) 936-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR THE STATE**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May 2026, a copy of the foregoing document was served to all counsel of record by agreement of the parties and in accordance with the Texas Rules of Civil Procedure.

/s/ David Bizar
DAVID BIZAR
Assistant Attorney General

2

## INSTRUCTIONS AND DEFINITIONS

1.      Your answers to these Requests for Admission may be used in evidence in pretrial proceedings and upon the trial of this case.

2.      Unless otherwise specified, the time period covered by these Requests for Admission is from January 1, 2020, to present.

3.      You have a duty to supplement your asnwers to these Requests for Admission at such time and to the extent required by the Texas Rules of Civil Procedure.

4.      "You," "Your," or "ActBlue" means ActBlue LLC, including successors, predecessors, divisions, subsidiaries, present or former officers, agents, committees, employees, representatives, and all other persons, schools, or conferences acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

5.      "Document" means all documents and tangible things, in the broadest sense allowed by Texas Rule of Civil Procedure 192.3(b) and comment 2 of the Texas Rules of Civil Procedure. This is intended to include all written, typed, or printed matter and all magnetic, electronic, digital, or other records or documentation of any kind or description in Your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by You, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mails, text messages, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, drafts, resumes, logs, timesheets, and worksheets.

6.      "Communication" means any exchange or transmission of words or ideas to another person or entity (whether internally within ActBlue or externally), including without limitation, conversations, discussions, letters, memoranda, interoffice communication platforms, social media platforms, instant messaging programs, meetings, notes, speeches, or other transfers of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes, or records any such communication.

7.      "Possession, custody, or control" of an item means that You either have physical possession of the item or have a right to possession equal or superior to that of the person who has physical possession of the item.

3

8.      The terms "and/or," "and," and "or" refer to all listed categories inclusively, not exclusively (i.e., not the option of producing one group of documents, or another, nor of producing documents for one group of the listed persons or entities, but not others).

9.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10.      "Relate," "related," "related to," and "relating to" mean being in any way legally, logically, or factually connected with the subject matter of the Request at issue.

11.      These Requests for Admission do not seek to discover, identify, or otherwise ascertain the identity of any donor or contributor who has made a donation through your platform. If a document requested produced in response to these Requests for Admission, the State's Requests for Production, or the State's Interrogatories, contain both identifying information of a donor or contributor, and other discoverable information, you must produce the document in its entirety, but with the donor/contributor information securely redacted. For purposes of these Requests for Admission, the State's Requests for Production, and the State's Interrogatories, identifying information, when used in reference to a donor or contributor, broadly includes any information from which a donor or contributor is or may be identified, including but not limited to, the donor or contributor's name or alias, address, telephone number, email address, financial account number, or other unique markers from which the donor or contributor's identity could be discerned.

12.      All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by the Merriam-Webster Collegiate Dictionary.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that you have solicited donations or contributions from Texas-based persons.

**Response:**

**REQUEST FOR ADMISSION NO. 2:** Admit that you received a five dollar ($5.00) donation on February 19, 2026 made from Texas under the pseudonym, Daniel Payne, for the Democratic National Committee, using a physical Mastercard gift card, ActBlue Order Number AB383444138, and that you provided this donation to the Democratic National Committee.

**Response:**

**REQUEST FOR ADMISSION NO. 3:** Admit that you received a ten dollar ($10.00) donation on February 25, 2026 made from Texas under the name Rock Robinson, for Sarah Eckhardt, candidate for Texas Comptroller of Public Accounts, using a digital Visa e-gift card, ActBlue Order Number AB384336310, that you provided this donation to Sarah Eckhardt or her campaign, and that this donation included a two dollar ($2.00) tip to you that you accepted and did not return.

**Response:**

**REQUEST FOR ADMISSION NO. 4:** Admit that you received a ten dollar ($10.00) donation on February 25, 2026 made from Texas under the name Rock Robinson, for Jon Rosenthal, candidate for Texas Railroad Commissioner, using a digital Visa e-gift card, ActBlue Order Number AB384325452, that you provided this donation to Jon Rosenthal or his campaign, and that this donation included a two dollar ($2.00) tip to you that you accepted and did not return.

**Response:**

**REQUEST FOR ADMISSION NO. 5:** Admit that you have passed through donations or contributions made by other donors or contributors using your platform to Texas-based candidates for office, campaigns, or political action committees.

**Response:**

**REQUEST FOR ADMISSION NO. 6:** Admit that you have passed through donations or contributions made by other donors or contributors using your platform to non-Texas-based national committees or political action committees for the purpose of influencing the outcome of Texas-based elections.

5

**Response:**

**REQUEST FOR ADMISSION NO. 7:** Admit that you have had more than fourteen (14) employees who have resided in Texas between January 1, 2020 to the present.

**Response:**

**REQUEST FOR ADMISSION NO. 8:** Admit that you have sponsored promotions in Texas.

**Response:**

**REQUEST FOR ADMISSION NO. 9:** Admit that you have sponsored events in Texas.

**Response:**

**REQUEST FOR ADMISSION NO. 10:** Admit that you have conducted business in Texas.

**Response:**

**REQUEST FOR ADMISSION NO. 11:** Admit that candidates running for elective office in Texas other than Daniel Payne and Sarah Eckhardt have received donations made via the ActBlue platform using gift cards.

**Response:**

**REQUEST FOR ADMISSION NO. 12:** Admit that candidates running for elective office in Texas other than Daniel Payne and Sarah Eckhardt have received donations made via the ActBlue platform using prepaid debit cards.

**Response:**

**REQUEST FOR ADMISSION NO. 13:** Admit that ActBlue has not verified the identities of donors who have made donations with a gift card to candidates running for elective office in Texas.

**Response:**

**REQUEST FOR ADMISSION NO. 14:** Admit that ActBlue has not verified the identities of donors who have made donations with a prepaid debit card to candidates running for elective office in Texas.

6

**Response:**

**REQUEST FOR ADMISSION NO. 15:** Admit that some of the completed donations made via the ActBlue platform to candidates running for elective office in Texas using gift cards or prepaid debit cards were made by donors who were ineligible by law to make their donations.

**Response:**

**REQUEST FOR ADMISSION NO. 16:** Admit that donations or contributions made through the ActBlue platform to a national committee using a gift card or prepaid debit card can support candidates or campaigns for elective office in Texas.

**Response:**

**REQUEST FOR ADMISSION NO. 17:** Admit that donations or contributions made through the ActBlue platform to a political action committee using a gift card or prepaid debit card can support candidates or campaigns for elective office in Texas.

**Response:**

7

**CAUSE NO. 096-376890-26**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ACTBLUE LLC | § | |
| | § | |
| *Defendant.* | § | |
| | § | 96TH JUDICIAL DISTRICT |

## THE STATE'S EXPEDITED REQUESTS FOR PRODUCTION CONCERNING <u>PERSONAL JURISDICTION</u>

To:    Defendant, ActBlue LLC, through its attorneys of record, Michael P. Flynn, Yaman Desai, LYNN PINKER HURST & SCHWEGMANN, LLP, 2011 Ross Avenue, Suite 2700, Dallas, Texas 75201, mlynn@lynnllp.com, ydesai@lynnllp.com, Felicia H. Ellsworth (pro hac vice forthcoming), Ronald C. Machen (pro hac vice forthcoming), Matthew T. Jones (pro hac vice forthcoming), WILMER CUTLER PICKERING HALE AND DORR, LLP, 60 State Street, Boston, Massachusetts 02109, felicia.ellsworth@wilmerhale.com, ronald.machen@wilmerhale.com, matthew.jones@wilmerhale.com

Pursuant to the Texas Rules of Civil Procedure, the agreement of the parties, and the Court's Order, Plaintiff, the State of Texas, serves on Defendant ActBlue, LLC, the State's Expedited Requests for Production concerning personal jurisdiction. These Requests for Production are limited to issues currently before the Court relating to personal jurisdiction. The State requires Defendant to respond to the following Requests for Production by the deadline agreed to by the parties and prescribed by this Court.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA

Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

JOHNATHAN STONE
Chief, Consumer Protection Division

_/s/ David Bizar_
DAVID BIZAR
Assistant Attorney General
State Bar No. 24110737


Office of the Attorney General of Texas
Consumer Protection Division
300 W. 15th St.
Austin, Texas 78701
Phone: (214) 290-8811
Fax: (214) 969-7615
David.Bizar@oag.texas.gov
Telephone: (512) 936-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR THE STATE**



**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of May 2026, a copy of the foregoing document was served to all counsel of record by agreement of the parties and in accordance with the Texas Rules of Civil Procedure.

_/s/ David Bizar_
DAVID BIZAR
Assistant Attorney General

2

## INSTRUCTIONS

1.      Your answers to these Requests for Production and the documents you produce may be used in evidence in pretrial proceedings and upon the trial of this case.

2.      Unless otherwise specified, the time period covered by these Requests for Production is from January 1, 2020, to present.

3.      If Defendant claims any privilege or immunity in connection with any of these discovery requests, you shall state the claim in detail and provide all information that is relevant to the evaluation of the claim of privilege or immunity or to the waiver of the privilege or immunity. The information shall be sufficient to allow Plaintiff to contest the claim and to urge any waiver of the privilege. The information shall also include, without limitation, the identity of all documents and of all oral statements and communications relating to the claim or its waiver. Any portion of a document that is not subject to a claim of privilege or immunity shall be produced by excising or otherwise protecting the portions for which a privilege or immunity is asserted.

4.      These Requests do not seek to discover, identify, or otherwise ascertain the identity of any donor or contributor who has made a donation through your platform. If a document requested by these Requests contains both identifying information of a donor or contributor, and other discoverable information, you must produce the document in its entirety, but with the donor/contributor information securely redacted. For purposes of these Requests, identifying information, when used in reference to a donor or contributor, broadly includes any information from which a donor or contributor is or may be identified, including but not limited to, the donor or contributor's name or alias, address, telephone number, email address, financial account number, or other unique markers from which the donor or contributor's identity could be discerned.

5.      If any requested document has been destroyed, Defendant shall identify such document and describe in detail the circumstances of and the reasons for the destruction of each document and shall produce all documents relating to the circumstances of, or the reasons for, such destruction.

6.      This discovery request is continuing in nature. If further information or documents come into possession of, or are brought to the attention of, Defendant or any of its agents, employees, officers, directors, representatives, or attorneys, in the course of trial or prior to trial, supplementation of Defendant's responses is required and hereby requested.

7.      Each response should be preceded by the Request to which it pertains.

3

## DEFINITIONS

1.      "You," "Your," or "ActBlue" means ActBlue LLC, including successors, predecessors, divisions, subsidiaries, present or former officers, agents, committees, employees, representatives, and all other persons, schools, or conferences acting on behalf of Defendant or its successors, predecessors, divisions, and subsidiaries.

2.      "Document" means all documents and tangible things, in the broadest sense allowed by Texas Rule of Civil Procedure 192.3(b) and comment 2 of the Texas Rules of Civil Procedure. This is intended to include all written, typed, or printed matter and all magnetic, electronic, digital, or other records or documentation of any kind or description in Your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by You, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, statements, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mails, text messages, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, drafts, resumes, logs, timesheets, and worksheets.

3.      "Communication" means any exchange or transmission of words or ideas to another person or entity (whether internally within ActBlue, LLC or externally), including without limitation, conversations, discussions, letters, memoranda, interoffice communication platforms, social media platforms, instant messaging programs, meetings, notes, speeches, or other transfers of information, whether written, oral, or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes, or records any such communication.

4.      "Possession, custody, or control" of an item means that You either have physical possession of the item or have a right to possession equal or superior to that of the person who has physical possession of the item.

5.      The terms "and/or," "and," and "or" refer to all listed categories inclusively, not exclusively (i.e., not the option of producing one group of documents, or another, nor of producing documents for one group of the listed persons or entities, but not others).

4

6.      "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.      "Relate," "related," "related to," and "relating to" mean being in any way legally, logically, or factually connected with the subject matter of the Request at issue.

8.      All undefined terms and phrases have not only the meaning ascribed to them by ordinary custom and usage, but also the meaning ascribed to them by the Merriam-Webster Collegiate Dictionary.

## REQUESTS FOR PRODUCTION

1.  Produce sufficient documents to identify each of your physical offices, mailing addresses, locations, or places of business in Texas, whether owned, leased, or otherwise maintained by you.

2.  Produce each advertisement or promotion that you have targeted to Texans, including but not limited to targeting to Texans through the use of geo-targeting.

3.  Produce sufficient documents to identify your participation in each Texas-based event that you have been involved with.

4.  Produce all communications that you have directed into Texas that relate to donations or contributions relating to Texas candidates for elective office.

5.  Produce sufficient documents to identify what the job descriptions and responsibilities of ActBlue's employees who work in Texas are.

6.  Produce sufficient documents to identify all of the trips to Texas that your employees, contractors, or representatives have taken on your official business, the number of such persons for each trip, and each trip's duration.

7.  Produce sufficient documents to identify each of your activities in which you conducted business in Texas.

8.  Produce all documents that relate to the five dollar ($5.00) donation made from Texas on February 19, 2026 under the pseudonym, Daniel Payne, to the Democratic National Committee, through ActBlue, using a physical Mastercard gift card, ActBlue Order Number AB383444138.

9.  Produce all documents that relate to the ten dollar ($10.00) donation made from Texas on February 25, 2026 by Rock Robinson to Sarah Eckhardt, candidate for Texas Comptroller of Public Accounts, through ActBlue, and two dollar ($2.00) tip made to ActBlue, using a digital Visa e-gift card, ActBlue Order Number: AB384336310.

10. Produce all documents that relate to the ten dollar ($10.00) donation made from Texas on February 25, 2026 by Rock Robinson to Jon Rosenthal, candidate for Texas Railroad Commissioner, through ActBlue, and two dollar ($2.00) tip made to ActBlue, using the same digital Visa e-gift card, ActBlue Order Number: AB384325452.

11. Produce the operative policies, procedures, manuals, and training materials that were in effect on the dates of February 19, 2026 and February 25, 2026, concerning ActBlue's processing, review, acceptance, rejection, receipt, denial, payment to the designated recipient, or return to the donor or contributor, contributions made through the use of a gift card or prepaid debit card, that were applicable to donations or contributions made to

candidates for elective office in Texas, and sufficient documents to show the time periods for which those policies, procedures, manuals, and training materials were in effect.

12. Produce documents sufficient to show the numbers and dollar amounts of the donations or contributions made via ActBlue's platform to candidates for elective office in Texas or their campaigns, using a gift card.

13. Produce documents sufficient to show the numbers and dollar amounts of the donations or contributions made via ActBlue's platform to candidates for elective office in Texas or their campaigns, using a prepaid debit card.

14. Produce all communications where a concern, disagreement, or dispute was raised or discussed regarding ineligible persons making donations to candidates for elective office in Texas on ActBlue's platform through the use of gift cards or prepaid debit cards, and all notes, memoranda, and communications related to their resolution.

15. Produce all notes, memoranda, and communications that relate to ActBlue or its designee's detection or failure to detect donations or contributions made from foreign IP addresses to candidates for elective office in Texas using gift cards or prepaid debit cards.

16. Produce all notes, memoranda, and communications that relate to ActBlue or its designee's decisions to process, review, accept, reject, receive, deny, pay to the designated recipient, or return to the donor or contributor, any donation or contribution made to a candidate or campaign for elective office in Texas by a donor or contributor using a gift card or prepaid debit card who provided an address outside of the United States and who did not provide a United States passport number.

17. Produce all notes, memoranda, and communications that relate to ActBlue or its designee's decisions to process, review, accept, reject, receive, deny, pay to the designated recipient, or return to the donor or contributor, any donation or contribution made to a candidate or campaign for elective office in Texas by a donor or contributor using a gift card or prepaid debit card that ActBlue detected or determined was attempted to be made or was made from a location outside of the United States and who did not provide a United States passport number.

7