# Exhibit 7

**ActBlue's Expedited Discovery Requests to State of Texas, Regarding Personal Jurisdiction:**

**Request for Production and Interrogatories, combined**

**(May 26, 2026)**

**Cause No. 096-376890-26**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | TARRANT COUNTY, TEXAS |
| ACTBLUE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | 96th JUDICIAL DISTRICT |
| | § | |

---

### DEFENDANT'S EXPEDITED REQUESTS FOR PRODUCTION TO PLAINTIFF CONCERNING PERSONAL JURISDICTION

---

TO:    Plaintiff, by and through its attorneys of record, as follows: Ken Paxton, Brent Webster, Ralph Molina, Austin Kinghorn, Johnathan Stone, David Bizar, Office of the Attorney General, Consumer Protection Division, P. O. Box 12548, Austin, Texas 78711-2548.

Pursuant to the Texas Rules of Civil Procedure and the agreement of the parties, and subject to and without waiving Defendant ActBlue, LLC's ("Defendant" or "ActBlue") Special Appearance, Defendant serves on Plaintiff the State of Texas Defendant's Expedited Requests for Production Concerning Personal Jurisdiction. These Requests for Production are limited to issues currently before the Court relating to personal jurisdiction. Defendant requires Plaintiff to respond to the following Requests for Production by the deadline agreed to by the parties by electronic mail to the undersigned counsel at Lynn Pinker Hurst & Schwegmann, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201.

DATED: May 26, 2026

Respectfully submitted,

*/s/ Yaman Desai*
LYNN PINKER HURST &
SCHWEGMANN, LLP
Michael P. Lynn
Texas State Bar No. 12738500
mlynn@lynnllp.com
Yaman Desai
Texas State Bar No. 24101695
ydesai@lynnllp.com
2100 Ross Avenue, Suite 2700
Dallas, Texas 72501
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

WILMER CUTLER PICKERING HALE
AND DORR LLP

Felicia H. Ellsworth
(*pro hac vice forthcoming*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Ronald C. Machen
(*pro hac vice forthcoming*)
ronald.machen@wilmerhale.com
Matthew T. Jones
(*pro hac vice forthcoming*)
matthew.jones@wilmerhale.com
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**ATTORNEYS FOR ACTBLUE LLC**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing document has been served on all counsel of record on May 26, 2026.

*/s/ Yaman Desai*
Yaman Desai

---

**D**EFENDANT'S **E**XPEDITED **R**EQUESTS FOR **P**RODUCTION TO **P**LAINTIFF
**C**ONCERNING **P**ERSONAL **J**URISDICTION

2

## DEFINITIONS

1.     "*This Action*" means the above-captioned case, *The State of Texas v. ActBlue LLC*, Case No. 096-376890-26, in the District Court, 96th Judicial Division, Tarrant County, Texas.

2.     "*Plaintiff*" means the State of Texas, the Plaintiff in this Action, and its present and former employees, agents, representatives, counsel, and all persons or entities acting or purporting to act under its control or on its behalf.

3.     "*Amended Petition*" means Plaintiff's Amended Petition and Request for Temporary and Permanent Injunctions filed in this Action on May 20, 2026.

4.     "*Document*" or "*Documents*" means each and every form of communication and each and every written, recorded, electronic, reproduced, printed, filmed, or graphic matter of any kind, type, nature, or description that is in Defendant's possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, e-mail and e-mail attachments, hard drives, electronic files including, but not limited to, Adobe Acrobat (PDF), Microsoft Office – Word, Excel, Access, PowerPoint (DOC, XLS, PPT, DB), etc., compressed files (ZIP, RAR), and .pst files, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original Document or that are otherwise not identical to the original Documents.

5.      "*All*" shall be deemed to include and encompass the words "each" and "any."

6.      The words "*and*" and "*or*" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

7.      All other terms not defined herein are to be interpreted in accordance with their normal usage in the English language.

## INSTRUCTIONS

1.      Serve Plaintiff's objections, if any, along with all responsive documents, upon counsel for Defendant, LYNN PINKER HURST & SCHWEGMANN, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201, by June 10, 2026.

2.      Each request for documents seeks production of all documents described therein, along with any attachments, drafts, and non-identical copies in Plaintiff's possession, custody, or control and the file folders containing such documents. All information which is not privileged, and which is in Plaintiff's possession, or the possession of Plaintiff's attorneys, investigators, agents, employees, or other representatives is to be divulged.

3.      The phrases "evidence," or "reflect," or "relate," or "regard," or "constitute" or "pertain" and any conjugation thereof, shall be construed in their broadest sense and shall be deemed to mean and encompass any document or communication or correspondence or other requested information that, directly or indirectly, describes, sets forth, constitutes, discusses, mentions, comments upon, supports, contradicts, negates, or refers to the subject or topic in question, either in whole or in part.

4.      With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

5.      These discovery requests are continuing in nature so as to require supplemental responses in accordance with the Texas Rules of Civil Procedure.

6.      To the extent Plaintiff finds a discovery request objectionable, state with specificity the objection, then answer the remaining part of the request that Plaintiff do not find objectionable.

7.      If Plaintiff objects to furnishing any information requested herein on the grounds of attorney-client privilege, work product protection, or any other reason, for each document withheld, state the following:

a.    the type of document withheld (e.g. letter, email, memorandum, etc.);
b.    the reason for Plaintiff's claim of privilege;
c.    the author of the document;
d.    each individual or other person to whom the document indicated the original or a copy thereof was sent;
e.    the date of the document; and
f.    the general subject matter of the document.

8.    If only a portion of a responsive document is privileged or otherwise protected against disclosure, Plaintiff must produce the responsive non-privileged portions of the document in redacted form, provided the redacted material is identified and the basis for the privilege claim stated as provided above.

9.    If Plaintiff does not have any documents responsive to a particular request in Plaintiff's possession, custody, or control, then Plaintiff shall so state in response to that request.

10.    All documents and other tangible things Plaintiff produce in response to the below requests shall be produced how they are ordinarily kept and shall include all information or data existing in electronic or magnetic form in their native electronic format. To the extent that certain ESI warrants production under a different format, or cannot be produced in native format, promptly notify the undersigned counsel so that the parties can meet and confer to discuss an alternative production format for such ESI. All documents and associated load files shall be produced, where possible, by File Transfer Protocol ("FTP") or any other agreed upon electronic conveyance.

11.    Unless otherwise stated, each request is without regard to time constraint.

12.    If Plaintiff does not clearly understand, or have any questions about the definitions, instructions, or any request contained herein, please contact counsel for Defendant promptly for clarification.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 3 (pg. 4) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 2:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 4 (pg. 4) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 3:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 5 (pg. 4) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 4:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 6 (pg. 5) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 5:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 7 (pg. 5) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 6:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 8 (pg. 5) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 7:** All documents in Plaintiff's possession, custody, or control on which Plaintiff relied for the allegations in paragraph 9 (pg. 5) of the Amended Petition in this Action.

**REQUEST FOR PRODUCTION NO. 8:** All documents in Plaintiff's possession, custody, or control that Plaintiff contends support a finding of personal jurisdiction over ActBlue in Texas with regard to the allegations in the Amended Petition.

**REQUEST FOR PRODUCTION NO. 9:** All documents in Plaintiff's possession, custody, or control relating to the February 19-26, 2026, investigative donations referenced in paragraphs 52 through 56 (pgs. 22-23) of the Amended Petition, including all documents reflecting the location from which those transactions were initiated and processed.

**REQUEST FOR PRODUCTION NO. 10:** All documents on which Plaintiff intends to rely in opposition or relation to Defendant's Special Appearance.

**REQUEST FOR PRODUCTION NO. 11:** All documents relating to Plaintiff's contentions that ActBlue is subject to personal jurisdiction in Texas.

**Cause No. 096-376890-26**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | TARRANT COUNTY, TEXAS |
| ACTBLUE LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | 96th JUDICIAL DISTRICT |
| | § | |

---

### DEFENDANT'S EXPEDITED INTERROGATORIES TO PLAINTIFF CONCERNING PERSONAL JURISDICTION

---

TO:   Plaintiff, by and through its attorneys of record, as follows: Ken Paxton, Brent Webster, Ralph Molina, Austin Kinghorn, Johnathan Stone, David Bizar, Office of the Attorney General, Consumer Protection Division, P. O. Box 12548, Austin, Texas 78711-2548.

Pursuant to the Texas Rules of Civil Procedure and the agreement of the parties, and subject to and without waiving Defendant ActBlue, LLC's ("Defendant" or "ActBlue") Special Appearance, Defendant serves on Plaintiff the State of Texas, Defendant's Expedited Interrogatories Concerning Personal Jurisdiction. These Interrogatories are limited to issues currently before the Court relating to personal jurisdiction. Defendant requires Plaintiff to respond to the following Interrogatories by the deadline agreed to by the parties by electronic mail to the undersigned counsel at Lynn Pinker Hurst & Schwegmann, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201.

DATED: May 26, 2026

Respectfully submitted,

*/s/ Yaman Desai*

LYNN PINKER HURST & SCHWEGMANN, LLP
Michael P. Lynn
Texas State Bar No. 12738500
mlynn@lynnllp.com
Yaman Desai
Texas State Bar No. 24101695
ydesai@lynnllp.com
2100 Ross Avenue, Suite 2700
Dallas, Texas 72501
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

WILMER CUTLER PICKERING HALE AND DORR LLP

Felicia H. Ellsworth
(*pro hac vice forthcoming*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Ronald C. Machen
(*pro hac vice forthcoming*)
ronald.machen@wilmerhale.com
Matthew T. Jones
(*pro hac vice forthcoming*)
matthew.jones@wilmerhale.com
2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**ATTORNEYS FOR ACTBLUE LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all counsel of record on May 26, 2026.

*/s/ Yaman Desai*
Yaman Desai

## DEFINITIONS

1.      "*This Action*" means the above-captioned case, *The State of Texas v. ActBlue LLC*, Case No. 096-376890-26, in the District Court, 96th Judicial Division, Tarrant County, Texas.

2.      "*Plaintiff*" means the State of Texas, the Plaintiff in this Action, and its present and former employees, agents, representatives, counsel, and all persons or entities acting or purporting to act under its control or on its behalf.

3.      "*Amended Petition*" means Plaintiff's Amended Petition and Request for Temporary and Permanent Injunctions filed in this Action on May 20, 2026.

4.      "*Communication*" and/or "*Communications*" and/or "*Correspondence*" means the exchange of information by any means, including without limitation, telephone, facsimile, email, text message, instant message, or other electronic medium, letter, memorandum, meeting, discussion, conversation or other form of verbal expression.

5.      "*Document*" or "*Documents*" means each and every form of communication and each and every written, recorded, electronic, reproduced, printed, filmed, or graphic matter of any kind, type, nature, or description that is in Defendant's possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, e-mail and e-mail attachments, hard drives, electronic files including, but not limited to, Adobe Acrobat (PDF), Microsoft Office – Word, Excel, Access, PowerPoint (DOC, XLS, PPT, DB), etc., compressed files (ZIP, RAR), and .pst files, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures,

pamphlets, or any written or recorded materials of any other kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original Document or that are otherwise not identical to the original Documents.

6.  "*All*" shall be deemed to include and encompass the words "each" and "any."

7.  The words "*and*" and "*or*" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

8.  "*Identify*" and "*identity*" when used with respect to a natural Person mean to state:

  (a)  the Person's full name;

  (b)  the Person's present or last known home and business addresses;

  (c)  the Person's occupation or business;

  (d)  the Person's present or last known employer and position; and

  (e)  the Person's employer and position at the time relevant to the particular interrogatory involved.

9.  "*Identify*" and "*identity*" when used with respect to an entity other than a natural Person mean to state:

  (a)  the full name of the organization or entity;

  (b)  the place and Date of incorporation of the organization or entity;

  (c)  the principal place of business of the organization or entity; and

  (d)  the identity of Persons representing or employed by the company having knowledge of the matters related to this lawsuit.

10.  "*Identify*" and "*identity*" when used with respect to a Document mean to state:

  (a)  its Date;

  (b)  its author(s) and signatory(ies);

  (c)  its addressee(s);

(d)     its title or heading;

(e)     the type of Document;

(f)     its custodian;

(g)     its present or last known location; and

(h)     a description of its subject matter and contents.

11.     "*Identify*" and "*identity*" when used with respect to an activity mean to provide:

(a)     a description of each action, occurrence, transaction, statement, Communication, or conduct constituting the activity;

(b)     the Date it occurred;

(c)     the location at which it occurred;

(d)     the identity (in accordance with the above definitions) of all Persons and entities involved; and

(e)     the identity (in accordance with the above definitions) of each Document relating to the activity.

12.     "*Describe in detail*" when used with respect to an activity, transaction, relationship, thing, or occurrence, means to provide:

(a)     a full description of such activity, transaction, relationship, thing, or occurrence by reference to underlying facts including complete references to:

(i)     Date(s);

(ii)    location(s);

(iii)   Persons or entities involved; and

(iv)    manner of means employed;

(b)     the identity of Your sources of information and the Date on which You received such information;

       (c)      the identity of each Person or entity having knowledge of such activity, transaction, relationship, thing, or occurrence; and

       (d)      the identity of each Document that refers or relates to such activity, transaction, relationship, thing, or occurrence.

13.     "*Including*" means including without limitation.  The past tense shall be construed to include the present tense and vice versa, to make the request inclusive rather than exclusive.

14.     "*Relating to*," "*relates to*," "*related to*," "*regarding*," or "*referring to*" each mean anything that constitutes, contains, evidences, embodies, comprises, concerns, reflects, identifies, states, explicitly or impliedly refers to, deals with, comments on, responds to, has a relationship to, describes, analyzes, or is in any way relevant to the subject matter of the request, including without limitation, Communications or Documents concerning the matter inquired about or the existence of other Communications or Documents relating to such matter.

15.     All other terms not defined herein are to be interpreted in accordance with their normal usage in the English language.

## INSTRUCTIONS

1.      Serve your answers and objections, if any, upon counsel for Plaintiffs, Lynn Pinker Hurst & Schwegmann, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201, by June 10, 2026.

2.      Each Interrogatory is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete does not excuse You from answering each Interrogatory as fully as possible.

3.      Where it is necessary to bring within the scope of the interrogatory information that might otherwise be construed to be outside its scope, the use of a verb in any tense shall be recognized as the use of that verb in all other tenses.

4.      The phrases "evidence," or "reflect," or "relate," or "regard," or "constitute" or "pertain" and any conjugation thereof, shall be construed in their broadest sense and shall be deemed to mean and encompass any document or communication or correspondence or other requested information that, directly or indirectly, describes, sets forth, constitutes, discusses, mentions, comments upon, supports, contradicts, negates, or refers to the subject or topic in question, either in whole or in part.

5.      With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

6.      If You believe that any of the following Interrogatories calls for an assertion of a claim of privilege, answer so much of the Interrogatory as is not objected to, state that part of each Interrogatory to which you raise objection, and set forth the basis for your claim of privilege with respect to such information you refuse to give. If You claim privilege with respect to information pertaining to any Document that You are asked to identify or describe in these Interrogatories, furnish a list signed by counsel giving the following information with respect to each such Document:

---

(a)    the paragraph or subparagraph to which the document is responsive;

(b)    the title or general subject matter of the document;

(c)    the type of document (e.g., letter, memorandum, note, report, etc.);

(d)    the date of the document;

(e)    the name of the author of the document;

(f)    the person(s) for whom the document was prepared, to whom it was sent, or who received copies; and

(g)    the nature of and the basis for the claim of the privilege.

7.    If, for reasons other than a claim of privilege, You refuse to answer any Interrogatory, in whole or in part, state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

If you do not clearly understand, or have any questions about the definitions, instructions, or any request contained herein, please contact counsel for Defendant promptly for clarification.

## INTERROGATORIES

**INTERROGATORY NO. 1.**       Describe in detail how ActBlue has "established minimum contacts in Texas" as alleged in paragraph 3 of the Amended Petition in this Action.

**INTERROGATORY NO. 2.**       Describe in detail the basis for your contention that "ActBlue is subject to Texas's long-arm statute because it transacts business in Texas" as alleged in paragraph 4 of the Amended Petition in this Action.

**INTERROGATORY NO. 3.**       Describe in detail the basis for your contention that "[t]he Court has general jurisdiction over ActBlue because its contacts and affiliations with Texas are so continuous and systematic as to render it essentially at home in Texas" as alleged in paragraph 5 of the Amended Petition in this Action.

**INTERROGATORY NO. 4.**       Describe in detail the basis for your contention that "the Court has specific jurisdiction over ActBlue because it purposefully availed itself of the privileges of conducting activities in Texas" as alleged in paragraph 6 of the Amended Petition in this Action.

**INTERROGATORY NO. 5.**       Describe in detail the basis for your contention that "the Court has specific jurisdiction over ActBlue because […] the causes of action in this suit arise out of or relate to ActBlue contacts in Texas" as alleged in paragraph 6 of the Amended Petition in this Action.

**INTERROGATORY NO. 6.**       Describe in detail the basis for your contention that ActBlue "consented to personal jurisdiction by registering and transacting business in Texas" as alleged in paragraph 7 of the Amended Petition in this Action.

**INTERROGATORY NO. 7.**       Identify each event that gave rise to the State's claims that occurred in Tarrant County, as alleged in paragraph 8 of the Amended Petition in this Action.

**INTERROGATORY NO. 8.**       Identify each omission that gave rise to the State's claims that occurred in Tarrant County, as alleged in paragraph 8 of the Amended Petition in this Action.

**INTERROGATORY NO. 9.**       Identify each time ActBlue has done business in Tarrant County, as alleged in paragraph 8 of the Amended Petition in this Action.

**INTERROGATORY NO. 10.**       Describe in detail the basis for your contention that "ActBlue has accepted donations for candidates, political action committees, party committees, and nonprofits in Tarrant County, and advertises its platform in Tarrant County" as alleged in paragraph 9 of the Amended Petition in this Action.