## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ACTBLUE LLC; ACTBLUE CIVICS, INC., and
ACTBLUE CHARITIES, INC.,

*Plaintiff,*

v.

WARREN KENNETH PAXTON, JR., in his official
capacity as Attorney General of the State of
Texas,

*Defendant.*

Civil Action No. 1:26-cv-11986-RGS

---

### DEFENDANT'S ORIGINAL ANSWER

Defendant Ken Paxton, in his official capacity as the Attorney General of Texas, (Paxton or Defendant) files this Original Answer to Plaintiffs' May 1, 2025 Complaint (ECF No. 1). This Original Answer is timely pursuant to Federal Rule of Civil Procedure 12(a)(4)(A) and the Court's denial of State Defendants' Motion to Dismiss on June 11, 2026.

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), for each and every allegation asserted in Plaintiffs' Complaint except those expressly admitted below. The headings and numbered paragraphs below correspond to the sections and numbered paragraphs of the Complaint. Titles of headings that are reproduced in this Answer are included for organizational purposes only, and Defendant does not admit any matter contained therein.

### INTRODUCTION

1.     Defendant denies the allegations in this paragraph.

2.     Defendant denies that Act Blue engages in political speech. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph.

3.     Defendant denies the allegations in this paragraph.

4.    Defendant admits that ActBlue has brought a suit for declaratory and injunctive relief but denies the remaining allegations in this paragraph.

5.    Defendant admits that free speech is an essential mechanism of democracy.

6.    Defendant admits that the U.S. Supreme Court has stated that contributions to political campaigns "generate[s] essential political speech by fostering discussion of public issues and candidate qualifications," *McCutcheon v. FEC*, 572 U.S. 185, 228 (2014), and that "election campaigns are financed by private contributions or expenditures, as they have been from the beginning of the Nation." *McCormick v. United States*, 500 U.S. 257, 272 (1991). Defendant denies allegations of interference and lacks sufficient knowledge to admit or deny any remaining allegations in this paragraph.

7.    Defendant admits that Defendants is currently a Republican candidate for the U.S. Senate but denies the remaining allegations in this paragraph.

8.    Defendant denies the allegations in this paragraph.

9.    Defendant denies the allegations in this paragraph.

10.    Defendant denies the allegations in this paragraph.

11.    Defendant denies the allegations in this paragraph.

## PARTIES

12.    Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

13.    Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

14.    Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

15.    Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

16.     Defendant admits that Defendant Paxton is sued in his official capacity as Attorney General of the State of Texas, that the Attorney General's Office is headquartered in Austin, Texas, and General Paxton is currently a candidate for the U.S. Senate.

## JURISDICTION AND VENUE

17.     Defendant admits that the Court has subject matter jurisdiction for actions that arise under the First and Fourteenth Amendments but denies that Plaintiff has stated a valid claim and that the Court should exercise jurisdiction under the *Younger* Abstention doctrine.

18.     Defendant denies the allegations in this paragraph.

19.     Defendant denies the allegations in this paragraph.

20.     Defendant denies the allegations in this paragraph.

21.     Defendant denies the allegations in this paragraph.

22.     Defendant denies the allegations in this paragraph.

23.     Defendant denies the allegations in this paragraph.

## FACTS

### A. ActBlue Is A PAC With An Established Track Record Of Fundraising For Progressive Candidates And Causes

24.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

25.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.[1]

26.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.[2]

27.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

---

[1] Defendant lacks sufficient knowledge to admit or deny the allegations made in this footnote.
[2] Defendant lacks sufficient knowledge to admit or deny the allegations made in this footnote.

28. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.[3]

29. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

## B. ActBlue Has Adopted Robust Safeguards To Protect Against Fraudulent Donations

30. Defendant denies that ActBlue has implemented strong compliance measures to prevent its platform from being exploited for unlawful purposes. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph.

31. Defendant denies the allegations in this paragraph.

32. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

33. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

34. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

35. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

36. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

37. Defendant denies that ActBlue has implemented restrictions to prevent donations originating from outside the United States. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph.

## C. Paxton Has A History Of Targeting Democratic-Aligned Entities

38. Defendant denies the allegations in this paragraph.

---

[3] Defendant admits that Federal Election Commission's website includes the articles titled, *Senate Candidate Contributions Over Time,* https://www.fec.gov/data/elections/senate/, and *House Candidate Contributions Over Time*, https://www.fec.gov/data/elections/house/.

39.    Defendant denies the allegations in this paragraph.[4]

40.    Defendant admits he has criticized content-moderation decisions by social media platforms. Defendant denies the remaining allegations in this paragraph.[5]

41.    Defendant admits that a CID was issued on January 13, 2021 as part of an investigation into possible deceptive trade practices. Defendant denies the remaining allegations in this paragraph.[6]

42.    Defendant admits he has announced investigations into fundraising entities. Defendant denies these partial statements are complete or taken in the appropriate context.[7,8,9]

43.    Defendant denies the allegations in this paragraph.[10]

44.    Defendant denies the allegations in this paragraph [11]

45.    Defendant admits that he used his statutory authority to investigate Media Matters for alleged violations of the Texas Deceptive Trade Practices Act. Defendant also admits to issuing an official press release but denies that these partial statements are complete or taken in the appropriate context in this paragraph. [12,13] Defendant denies the remaining allegations in this paragraph.

46.    Defendant denies the allegations made in this paragraph.

---

[4] Defendant denies the allegations in this footnote.

[5] Defendant denies the allegations in this footnote.

[6] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

[7] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

[8] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

[9] Defendant denies the allegations in this footnote.

[10] Defendant admits that this filing exists but otherwise denies the allegations.

[11] Defendant denies the allegations made in this footnote.

[12] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

[13] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

**D. ActBlue Has Facilitated Donations Of Millions Of Dollars To Paxton's Democratic Opponent For U.S. Senate**

47.    Defendant admits that, at the time the complaint was filed, he was running to serve in the U.S. Senate, challenging John Cornyn in the Republican Primary.[14] Defendant has since prevailed and admits that he will face James Talarico in the general election.

48.    Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

49.    Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.[15,16]

50.    Defendant admits that, since the filing of this complaint, Paxton has prevailed in his primary runoff election. Defendant lacks sufficient knowledge to admit or deny the allegations made in the remainder of this paragraph.[17]

51.    Defendant admits that he has described himself as an "America First Warrior" and is a close ally of President Donald Trump. Defendant lacks sufficient knowledge to admit or deny the remaining allegations made in this paragraph.

52.    Defendant denies the allegations in this paragraph.

**E. Paxton Issues Investigative Demands to ActBlue**

53.    Defendant admits that investigation on ActBlue has been ongoing for more than two years. Defendant denies the remaining allegations in this paragraph.

54.    Defendant admits that an investigation into ActBlue was opened, and that the press release stated one focus of Texas's investigation. Defendant denies that this investigation was an

---

[14] Defendant admits he is currently running for U.S. Senate.
[15] Defendant lacks sufficient knowledge to admit or deny the allegations made in this footnote.
[16] Defendant lacks sufficient knowledge to admit or deny the allegations made in this footnote.
[17] Defendant lacks sufficient knowledge to admit or deny the allegations made in this footnote.

act of political retaliation. Defendant denies these partial statements are complete or taken in the appropriate context.[18,19]

55.     Defendant admits that four RTEs were issued to the entities described.

56.     Defendant admits that Texas Business Organizations Code §§ 12.151–.156 applies to the RTEs.

57.     Defendant admits that the RTE was issued and that the requests were set out therein. Defendant denies the summary of requests are complete or accurate.

58.     Defendant admits that the RTE was sent by U.S. Mail to 366 Summer St., Somerville, Massachusetts, 02144.

59.     Defendant lacks sufficient knowledge to admit or deny that the mail was delivered on April 08, 2024.

60.     Defendant admits that the RTEs were sent to 366 Summer St., Somerville, Massachusetts, 02144. Defendant lacks sufficient knowledge to admit or deny the specifics of the United States Postal Service's processing of these items.

61.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

62.     Defendant admits that a CID was issued on July 3, 2024. Defendant admits that the partial quotations of the Tex. Bus & Com. Code are essentially correct. Defendant denies the remaining allegations in this paragraph.

63.     Defendant admits that a CID related to CVV codes was issued to ActBlue. Defendant lacks sufficient knowledge to admit or deny the allegations made that ActBlue produced all "relevant documents, stored on computers in Massachusetts."

---

[18] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

[19] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

64.     Defendant admits that a second CID was sent to ActBlue on August 8, 2024. Defendant further admits a letter was sent to ActBlue on August 13, 2024 regarding ActBlue's privilege log. Defendant denies the remaining allegations in this paragraph.

65.     Defendant rejects the framing of the events in this paragraph. Defendant released a statement on October 21, 2024 stating "I am calling the FEC to immediately begin rulemaking to secure our elections from *any* criminal actors exploiting these vulnerabilities." (internal quotation marks omitted) (emphasis added). Defendant also sent a letter to the FEC, stating in part that "although ActBlue has drawn the bulk of public attention on this issue, the problem does not appear to be purely partisan—WinRed has been accused of very similar issues." Defendant admits that he made general statements in which "bad actors can illegally interfere in American elections by disguising political donations," but denies the partial statements are complete or taken in the appropriate context pertaining to ActBlue in this paragraph.[20,21]

66.     Defendant denies the allegations in this paragraph.

67.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

68.     Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph.

69.     Defendant admits that investigators with the Texas Attorney General's Office made multiple contributions on ActBlue's platform. Defendant lacks sufficient information to admit or deny what FEC data shows. Defendant denies the remaining allegations in this paragraph.

70.     Defendant admits to filing a civil action against ActBlue in Texas state court on April 20, 2026. Defendant lacks sufficient information to admit or deny the allegations as to the merits of Talarico's and Democratic funding made in this paragraph.[22]

---

[20] Defendant admits to issuing the press release in this footnote but denies these partial statements are complete or taken in the appropriate context.

[21] Defendant admits to issuing the FEC Petition but denies these partial statements are complete or taken in the appropriate context.

[22] Defendant lacks sufficient information to admit or deny the allegations in this footnote.

71.     Defendant denies the allegations in this paragraph.

### F. Paxton Sues ActBlue In Texas State Court

72.     Defendant partially admits that on April 20, 2026, a Petition was filed in Texas against ActBlue LLC seeking injunctive relief and civil penalties.

73.     Defendant denies allegations in this paragraph.

74.     Defendant admits that he made general statements as to the ActBlue lawsuit in extended interviews but denies these partial statements are complete or taken in the appropriate context.[23,24,25,26]

75.     Defendant denies that his investigations are "partisan tools," and denies that the investigations are "designed to cripple his political adversaries." Defendant admits to issuing the press release in this footnote but denies that these partial statements are complete or taken in the appropriate context.  Defendant admits that his Petition states in part that "ActBlue funds primarily left-wing campaigns at all levels of government" and "that in 2025 alone, ActBlue processed $1.78 billion of small-dollar donations through its platform."[27] Defendant denies the remaining allegations in this paragraph.

76.     Defendant admits that the Petition cites to the April 2, 2026, *New York Times* article.[28]

77.     Defendant denies the allegations made in this paragraph.

78.     Defendant denies the allegations made in this paragraph. [29]

---

[23] Defendant admits to making statements about the ActBlue lawsuit but denies such statements as referenced in the Complaint are complete or taken in the appropriate context.

[24] Defendant admits to making statements about the ActBlue lawsuit but denies such statements as referenced in the Complaint are complete or taken in the appropriate context.

[25] Defendant admits to making statements about the ActBlue lawsuit but denies such statements as referenced in the Complaint are complete or taken in the appropriate context.

[26] Defendant admits to making statements about the ActBlue lawsuit but denies such statements as referenced in the Complaint are complete or taken in the appropriate context.

[27] Defendant admits to issuing the press release in this footnote but denies that these partial statements are complete or taken in the appropriate context.

[28] Defendant admits to citing to this article in the Petition.

[29] Defendant denies the allegations in this footnote.

79. Defendant lacks sufficient knowledge to admit or deny the allegations made in this paragraph

80. Defendant denies the allegations made in this paragraph.

81. Defendant denies the allegations made in this paragraph.

82. Defendant denies the allegations made in this paragraph.

83. Defendant denies the allegations made in this paragraph.[30,31]

84. Defendant denies the allegations made in this paragraph.[32,33]

85. Defendant denies the allegations made in this paragraph.

86. Defendant denies the allegations made in this paragraph.[34,35]

87. Defendant denies the allegations made in this paragraph.

88. Defendant denies the allegations made in this paragraph.

89. Defendant denies the allegations made in this paragraph.

90. Defendant denies the allegations made in this paragraph.

## CLAIMS FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF ACTBLUE'S RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

91. This paragraph does not contain allegations which Defendant is required to answer.

92. Defendant denies the allegations made in this paragraph.

93. Defendant denies the allegations made in this paragraph.

94. Defendant denies the allegations made in this paragraph.

95. Defendant denies the allegations made in this paragraph.

---

[30] Defendant lacks sufficient information to admit or deny the allegations in this footnote.
[31] Defendant lacks sufficient information to admit or deny the allegations in this footnote.
[32] Defendant lacks sufficient information to admit or deny the allegations in this footnote.
[33] Defendant lacks sufficient information to admit or deny the allegations in this footnote.
[34] Defendant denies the allegations made in this footnote.
[35] Defendant denies the allegations made in this footnote.

96.    Defendant denies the allegations made in this paragraph.

97.    Defendant denies the allegations made in this paragraph.

98.    Defendant denies the allegations made in this paragraph.

99.    Defendant denies the allegations made in this paragraph.

100.    Defendant denies the allegations made in this paragraph.

101.    Defendant denies the allegations made in this paragraph.

## COUNT II

### RETALIATION IN VIOLATION OF THE RIGHTS OF DONORS, DEMOCRATIC CANDIDATES, AND PROGRESSIVE ORGANIZATIONS FOR PROTECTED EXPRESSION UNDER THE FIRST AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (42 U.S.C. § 1983)

102.    This paragraph does not contain allegations which Defendant is required to answer.

103.    Defendant denies the allegations made in this paragraph.

104.    Defendant denies the allegations made in this paragraph.

105.    Defendant denies the allegations made in this paragraph.

106.    Defendant denies the allegations made in this paragraph.

107.    Defendant denies the allegations made in this paragraph.

108.    Defendant denies the allegations made in this paragraph.

109.    Defendant denies the allegations made in this paragraph.

    a.    Defendant denies the allegations made in this paragraph.

    b.    Defendant denies the allegations made in this paragraph.

    c.    Defendant denies the allegations made in this paragraph.

110.    Defendant denies the allegations made in this paragraph.

111.    Defendant denies the allegations made in this paragraph.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief does not contain allegations which Defendant is required to answer. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to relief and respectfully request that the Court upon final disposition of this case enter judgment as follows:

     i.  Deny Plaintiffs any relief; and

    ii.  Grant that Plaintiffs take nothing by this action.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Pleading further, Defendant asserts that he is entitled to the following affirmative and other defenses:

1. This Court lacks subject-matter jurisdiction to consider all claims asserted.

2. To the extent the Court has subject matter jurisdiction, the Court should refrain from exercising such jurisdiction pursuant to the *Younger* Abstention doctrine.

3. Plaintiffs lack standing to assert all claims asserted.

4. Plaintiffs have failed to state a claim upon which relief can be granted.

5. Defendant asserts all applicable immunities to Plaintiffs' claims, including but not limited to his entitlement to Eleventh Amendment and sovereign immunity.

6. Plaintiffs' claims are improper for the reasons set forth in his motion to dismiss (ECF 35) and response to motion for preliminary injunction (ECF 39).

7. Defendant reserves the right to assert additional affirmative and other defenses as they become apparent in the factual development of this case.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiffs' claims with prejudice and issue a take-nothing judgement in favor of Defendant.

Date: June 25, 2026,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100

Respectfully submitted.

*/s/ Wade Johnson*
WADE JOHNSON*
Special Counsel
Texas State Bar No. 24062197
wade.johnson@oag.texas.gov

BRIAN B. TUNG*
Assistant Attorney General
Texas State Bar No. 24145179
Brian.Tung@oag.texas.gov

LAUREN E. SAEGER*
Assistant Attorney General
Texas State Bar No. 24149365
lauren.saeger@oag.texas.gov

DAVID M. BIZAR
Assistant Attorney General
Texas State Bar No. 24110737
david.bizar@oag.texas.gov

*Admitted pro hac vice*

COUNSEL FOR THE STATE OF TEXAS

13

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on June 25, 2026, a true and correct copy of the above and foregoing document has been served using the CM/ECF system to all counsel and parties of record.

TIMOTHY J. PERLA
BBO No. 660447
timothy.perla@wilmerhale.com

FELICIA H. ELLSWORTH
BBO No. 665232
felicia.ellsworth@wilmerhale.com

AMANDA MASSELAM STRACHAN
BBO No. 641108
amanda.masselamstrachan@wilmerhale.com

WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

RONALD C. MACHEN*
ronald.machen@wilmerhale.com

MATTHEW T. JONES*
matthew.jones@wilmerhale.com

2100 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*pro hac vice*

COUNSEL FOR PLAINTIFFS ACTBLUE LLC, ACTBLUE CIVICS, INC., ATS, INC., AND ACTBLUE CHARITIES, INC.

*/s/ Wade Johnson*
WADE JOHNSON
Special Counsel

14